UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                          Case No. 20-cr-26-SM-3
                                                Opinion No. 2026 DNH 005
Jonathan Cruz-Marte,
    Defendant


**O R D E R**


In May of 2021, law enforcement agents searched the
residence of the defendant, Jonathan Cruz-Marte.  Among other
things, agents discovered and seized a significant amount of
cash and a Honda automobile registered to Cruz-Marte.  See 21
U.S.C. § 881.  Shortly thereafter, Cruz-Marte was indicted by a
federal grand jury and charged with conspiracy to distribute
sizable quantities of fentanyl, cocaine, and crack cocaine.  The
indictment notified Cruz-Marte that should he be convicted of
the crime charged, he would "forfeit to the United States any
property constituting, or derived from, any proceeds the
defendant obtained, directly or indirectly, as the result of the
charged violations of Title 21."  Superseding Indictment
(document no. 27).  Both the cash and vehicle seized from Cruz-
Marte were specifically listed as being subject to forfeiture.
Cruz-Marte subsequently pled guilty and was sentenced to serve
ninety-six months in prison.

Meanwhile, the government began the process of administratively forfeiting the cash and automobile.  At all relevant times, Cruz-Marte was being held in pretrial detention at the Strafford County House of Corrections.  In July of 2021, the government sent notices of the planned forfeitures by certified mail to: "Jonathan Cruz-Marte, Strafford County Jail, 266 County Farm Road, Dover, N.H. 03820-6003."  A staff member at the jail's guard desk signed for that mail, evidencing its delivery.  Eleven months later, in June of 2022, out of an abundance of caution, the government sent a second round of notices to Cruz-Marte at the same address.  Those, too, were received and signed for by a staff member at the jail.[1]

Despite evidence that both the July, 2021, mailings and the June, 2022, mailings were properly addressed to Cruz-Marte and

---

[1]    Parenthetically, the court notes that, although not required, the government also sent copies of the July, 2021 notices of the planned forfeitures to Curz-Marte's (former) counsel, Attorney Michael Iacopino.  But, when it discovered that Attorney Iacopino had withdrawn as counsel, it then sent a second round of notices to both Cruz-Marte and Attorney Eduardo Masferrer (the June, 2022 notices).  But, As Cruz-Marte points out, approximately two months earlier, Attorney Masferrer had himself withdrawn as counsel to Cruz-Marte.  As a consequence, counsel that was then-currently representing Cruz-Marte did not receive the forfeiture notices in either the 2021 or the 2022 mailings.  It is unclear whether either of Cruz-Marte's former attorneys notified him (or his then-current counsel) of the government's forfeiture notices.  Cruz-Marte says they did not.

received at the county jail, Cruz-Marte says he received neither of them.  And, because he claims not to have received "actual notice" of the forfeiture proceedings, he says those proceedings were procedurally flawed.  See Motion to Set Aside Declaration of Forfeiture (document no. 161) and Reply to Government Objection (document no. 163).  Additionally, Cruz-Marte argues that the underlying search of his residence during which agents seized the assets in question failed to comply with the requirements of the Fourth Amendment.  Necessarily then, he says, the forfeiture of those assets violated his constitutional rights and must be set aside.  See Supplemental Reply to Government's Objection (document no. 167).  Neither argument is persuasive.

## Discussion

A.    This Scope of this Court's Review is Limited.

When, as here, the United States has completed an administrative forfeiture of property, "the district court lacks jurisdiction to review the forfeiture except for failure to comply with procedural requirements or to comport with due process.  This lack of jurisdiction extends even to constitutional challenges to the search and seizure leading to forfeiture."  Reddick v. U.S. Dep't of Just., No. 05-CV-256 SM, 2006 WL 2077500, at *2 (D.N.H. July 24, 2006) (citations and

internal punctuation omitted).  As the United States District
Court for the Southern District of New York has explained,

> This statutory and regulatory scheme affords the
> claimant sufficient notice and opportunity to test the
> legality of the seizure in the forfeiture proceeding.
> However, an administrative forfeiture removes the res
> from the district court.  As a result, once the
> administrative process has begun, a federal district
> court generally lacks subject matter jurisdiction to
> review the merits of an administrative forfeiture
> decision, including constitutional challenges to the
> search and seizure.

Dawson v. Drug Enf't Admin., 927 F. Supp. 748, 752 (S.D.N.Y.
1996) (emphasis supplied; citations omitted).  See also United
States v. Simon, 609 F. App'x 1002, 1005 (11th Cir. 2015) ("Our
review is limited to the government's compliance with the
applicable procedural safeguards.  Thus, although Mr. Simon
argues that his Fourth Amendment rights were violated because
the government failed to establish probable cause and obtain a
warrant to seize the currency, we, like the district court, lack
jurisdiction to consider these arguments because they go to the
underlying merits of the administrative forfeiture."); Williams
v. Drug Enf't Admin., 620 F. App'x 72, 74–75 (3d Cir. 2015)
("Williams does not dispute that he received proper notice from
the DEA and that he declined to file a judicial claim.  Rather,
he argues that the BMW should be returned because his Fourth
Amendment rights were violated at the time of its seizure.

However, because Williams's arguments go to the underlying
merits of the administrative forfeiture, the District Court
lacked jurisdiction to consider them.  Summary judgment in favor
of the DEA was therefore appropriate."); Curry v. United States,
No. 22-2594, 2023 WL 6890082, at *2 (3d Cir. Oct. 19, 2023)
(rejecting petitioner's Eighth Amendment challenge to a
forfeiture on grounds that the court lacked jurisdiction to
resolve such a claim).

        The time for Cruz-Marte to challenge the constitutionality
of the original seizure of the property at issue was during the
course of his criminal proceeding or perhaps even in a post-
conviction habeas petition.  Alternatively, of course, he could
have challenged the seizure in the context of the administrative
forfeiture itself.  That forfeiture process has, however, been
completed and this court lacks jurisdiction to address Cruz-
Marte's claim that the original seizure failed to comply with
the requirements of the Fourth Amendment.

B.    The Notice Provide to Cruz-Marte was Sufficient.

        Section 983 of Title 18, entitled "General Rules for Civil
Forfeiture Proceedings," governs Cruz-Marte's challenge to the
government's forfeiture of the cash and automobile at issue.
Indeed, that statute provides that, "A motion filed under this

subsection shall be the exclusive remedy for seeking to set
aside a declaration of forfeiture under a civil forfeiture
statute."  18 U.S.C. § 983(e)(5).

Before commencing any nonjudicial civil forfeiture
proceeding, the government must "send written notice to
interested parties . . . in a manner to achieve proper notice as
soon as practicable."  18 U.S.C. § 983(a)(1)(A)(i).  The "proper
notice" referenced in that section - that is, notice consistent
with the requirements of the Due Process Clause - has been
interpreted to mean, "notice reasonably calculated, under all
the circumstances, to apprise interested parties of the pendency
of the action and afford them an opportunity to present their
objections."  Mullane v. Central Hanover Bank & Trust Co., 339
U.S. 306, 314 (1950).

Finally, Section 983 also provides that any person entitled
to written notice of a nonjudicial forfeiture proceeding under a
civil forfeiture statute who does not receive such notice may:

> file a motion to set aside a declaration of forfeiture
> with respect to that person's interest in the
> property, which motion shall be granted if -
>
> > **(A)** the Government knew, or reasonably should
> > have known, of the moving party's interest and
> > failed to take reasonable steps to provide such
> > party with notice; and

> **(B)** the moving party did not know or have reason
> to know of the seizure within sufficient time to
> file a timely claim.

18 U.S.C. § 983(e)(1) (emphasis supplied).  Consequently, the

only issue presented by Cruz-Marte's motion is "whether

certified mail notice, sent to the prisoner at the proper

address, affords due process in a civil forfeiture case."

Whiting v. United States, 231 F.3d 70, 76 (2000).  In resolving

that question, the Whiting court held:

> Due process requires the government to afford an owner
> "notice and an opportunity to be heard" before civilly
> forfeiting his property, but actual *receipt* of notice
> by the defendant is not automatically required.
> [citing Mullane, supra].  Rather, Mullane said that
> due process requires the provision of 'notice
> reasonably calculated, under all the circumstances, to
> apprise interested parties of the pendency of the
> action and afford them an opportunity to present their
> objections.'  'Reasonably calculated' means
> likelihood, not certainty.
>
> If the Supreme Court's language is taken literally,
> then the Mullane test is satisfied here.  The
> government sent a certified letter to Whiting at the
> prison facility in which Whiting was actually being
> held.  The mail is a well-recognized means of
> communicating important information, and certified
> mail has further safeguards (i.e., signature of
> recipient upon delivery and return of the signed
> receipt card).
>
> Absent proof to the contrary, it is a fair assumption
> that properly addressed certified letters to prisoners
> are ordinarily delivered.

<u>Id</u>. at 76 (citations omitted).  <u>See also</u> <u>Mesa Valderrama v.</u>
<u>United States</u>, 417 F.3d 1189, 1197 (11th Cir. 2005) ("Reasonable
notice, however, requires only that the government attempt to
provide actual notice; it does not require that the government
demonstrate that it was successful in providing actual notice.")
(citing <u>Dusenbery v. United States</u>, 534 U.S. 161, 170 (2002)).


     The <u>Whiting</u> court then noted that the nature of the service
required will depend upon the circumstances presented:

>    Needless to say, the government must show, if the
>    issue is contested, that the notice was mailed to the
>    prison in which the claimant was in fact being held.
>    Similarly, if the government knew that mail delivery
>    in a particular prison was unreliable but sent the
>    notice by this means without any other precaution,
>    mail delivery would not satisfy due process.

<u>Whiting</u>, 231 F.3d at 77 (citations omitted).  Finally, the court
concluded by observing that:

>    <u>Here, there are no allegations of this kind nor of any</u>
>    <u>other special circumstance that might warrant a</u>
>    <u>departure from Mullane's general rule</u>.
>
>    It is well to be realistic about the situation: given
>    the incentives, inmate denials that mailed notice was
>    actually received are doubtless much more common than
>    misdelivery, and knowledge is probably widespread
>    among defendants in drug cases that the government
>    does look to harvest assets from drug dealers incident
>    to criminal cases.

<u>Id</u>. (emphasis supplied).

In support of his claim that he did not receive
constitutionally-adequate, "proper notice" of the government's
intention to forfeit the cash and automobile, Cruz-Marte says he
never received either the July 2021 mailings or the June 2022
mailings directed to him at the jail.  Nevertheless, he does not
deny that the government - not once but twice - sent him notice
of the administrative forfeiture proceedings, by certified mail,
properly addressed to him at the Strafford County Jail.  Nor
does he deny that those notices were properly delivered to the
jail and signed for by jail personnel.  He does not claim that
there was any pattern of delayed or failed mail deliveries at
the jail, or that the government knew (or should have known) of
mail delivery problems there.  Nor does he allege that he
personally experienced problems with mail deliveries while he
was being detained at the jail.  He simply denies receipt of
those particular articles of certified mail.  As in Whiting,
then, "there are no allegations of . . . any special
circumstance that might warrant a departure from Mullane's
general rule."  Id. at 77.

Given the facts and allegations presented, Cruz-Marte's
claim not to have received actual notice of the administrative
forfeiture proceedings is, standing alone, insufficient to

invalidate those proceedings.  See generally 18 U.S.C. § 983(e).
Cruz-Marte has not shown that the government failed to comply
with the notice requirements of section 983, nor has he shown
that the government's efforts to serve him with notice of the
administrative forfeiture of his property were otherwise
constitutionally deficient.


### Conclusion

The scope of this court's jurisdiction is limited to
determining whether the government complied with procedural
requirements attendant to a non-judicial administrative
forfeiture.  That includes the statutory (and constitutionally-
mandated) requirement that the government provide Cruz-Marte
with "proper notice" of those proceedings.  However, the court
lacks jurisdiction to address Cruz-Marte's claim that the
original seizure of the cash and automobile was inconsistent
with the requirements of the Fourth Amendment.

Consequently, the sole question before the court is
whether, by twice sending, by certified mail, notices of the
planned forfeiture proceedings to Cruz-Marte at his known (and
actual) address at the jail, the government's efforts were
"reasonably calculated under all the circumstances to apprise
[him] of the pendency of the [forfeiture] action and afford

10

[him] an opportunity to present [his] objections." Mullane, 339 U.S. at 314. They were. And, under the circumstances presented, neither the Constitution nor the governing statute, 18 U.S.C. § 983, required anything more.

For the forgoing reasons, as well as those set out in the government's legal memorandum (document no. 162), Cruz-Marte's "Motion to Set Aside Declaration of Forfeiture" (**document no. 161, as amended by documents no. 163 and 167**) is necessarily denied.

    **SO ORDERED.**

                _____
                Steven J. McAuliffe
                United States District Judge

January 14, 2026

cc: John J. Kennedy, AUSA
    Jonathan Cruz-Marte
    U.S. Marshal
    U.S. Probation